## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lon A. Smith
Chairman, Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2608
Re: Whether Railroad Com-
mission may issue cer-
tificate for irregular
service over irregular
routes.

In your letter of August 5, 1940, you request our opinion in response to the following question:

"Can the Railroad Commission issue a certificate for irregular service over irregular routes carrying commodities generally and serving the public generally?"

Since you use the two terms "irregular service" and "irregular routes" in your description of the proposed operation, we take it that in using the former term you have reference to an irregular time schedule and that in using the term "irregular routes" you mean routes which are not fixed and that the roads traveled and communities served may vary from time to time.

In Section 10, of Article 911b, Vernon's Civil Statutes, it is provided that no application for a certificate of public convenience and necessity shall be considered by the Commission unless it be in writing and set forth certain facts, among them being "the complete route or routes over which the applicant desires to operate," and "shall point out the inadequacy of existing transportation facilities or service, and shall specify wherein additional facilities or service are required and would be secured by the granting of said applications."

In Section 11, of said Article 911b, notice of the hearing to be held on such application is required to be mailed to "the owner or owners of existing transportation facilities, serving such territory as applicant seeks to serve." And, in Section 20, motor

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Lon A. Smith, page 2

carriers and other parties at interest are given the right of appeal to the district court, with the burden of showing that the order complained of is unreasonable and unjust to it or them.

In our opinion the requirement that the application describe the route or routes over which the applicant desire to operate may not be dispensed with. Unless such be done it would be impossible to determine whether existing services are sufficient, whether there is any need of the new service. Without the route is fixed in the application no one could tell who are the existing transportation facilities serving such territory to whom notice must be given. Without such description of the route in the application for an order granting the certificate a court could hardly tell who would be an interested party entitled to prosecute an appeal, unless it should hold all carriers in Texas to be such.

In Railroad Commission vs. Red Arrow Freight Lines, 96 S. W. (2) 735, by the Austin Court of Civil Appeals, it was held that a new common carrier motor carrier service cannot be granted except upon a showing and commission finding of convenience and necessity. Manifestly there can be no such showing and finding unless the route is definitely identified, so as to permit inquiry on the issue of convenience and necessity as applied to that particular route.

If we have understood correctly the meaning of the term "irregular routes" as used by you, our answer to your question is a negative one. This makes it unnecessary for us to consider whether a certificate could be granted to operate an irregular service, that is without regular schedules, upon regular or fixed routes. If this does not sufficiently meet your needs kindly advise us in more detail on the question in which you are interested.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 26, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:EP

